MERRITT,
Circuit Judge, concurring.
I fully concur in the court’s opinion in this case, and I write briefly here to answer directly the dissent’s position on excessive force. The dissent may be correct that the force used was not excessive if the arrest had been valid and not a violation of the Fourth Amendment. But here the officer arrested the plaintiff in his own home without a warrant or probable cause or a protective order of any kind or review and approval by a judicial officer. There is no real claim of exigent circumstances or any other basis for putting handcuffs on the plaintiff or exercising any force what-, ever, much less painful force. Any officer *416 surely ought to know that he has no authority under the Fourth Amendment to mistreat a private, law-abiding citizen in this way. The Fourth Amendment is specifically designed to protect the liberty of the citizen from harmful and insulting governmental action of this kind. This was a “false arrest” at common law and a violation of the Fourth Amendment. In this situation any force used was excessive and damages should be awarded. Therefore, the district court was right to send the case to the jury.